■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY F. BATEMAN, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered November 20, 1981, upon a verdict convicting defendant of the crimes of robbery in the first degree, rape in the first degree, sodomy in the first degree and sexual abuse in the first degree. At approximately 4:00 A.M. on June 7, 1981, the victim, an 18-year-old girl who had just left a party, was walking along a well-lighted street to a country club parking lot located adjacent to the staging area for a local regatta to be held on the Chenango River. Friends of the victim had entered a raft in the race. Defendant, his face uncovered, was apparently walking home when he encountered the victim. In a face-to-face conversation on this well-lighted street, they exchanged a few words regarding the whereabouts of the nearest phone and proceeded past one another. Defendant, however, came back, grabbed his victim, beat her with a rock and dragged her into a nearby field where he sodomized, raped and robbed her. As soon as he left, she ran to the parking lot where she found a uniformed police officer to whom she immediately reported the incident; the time was 4:30 A.M. At trial, defendant's mother testified that her son arrived home at approximately 3:50 A.M., which, if believed by the jury, would have furnished defendant with an alibi. The District Attorney attempted to impeach her testimony by suggesting that a newspaper article she had read containing a description of the rape suspect and matching her son's description had furnished her a motive to falsify her testimony. In the course of that cross-examination, the District Attorney, without objection, read the following headline: "Suspect similar in two rape cases." The next day, defendant moved for a mistrial and the motion was denied. The trial court, however, agreed to and did instruct the jury during its charge not to consider newspaper articles as proof of any facts contained therein, although the articles could be considered in other context. When, at the jury's request, the testimony of defendant's mother, including the prosecutor's comment, was read to them during their deliberations, a mistrial was again sought and denied. The trial court's instructions regarding the use of newspaper articles was not repeated. Defendant contends that this incident, coupled with the prosecutor's brief reference during summation to newspaper accounts of the incident containing a description of the suspect, constitute prosecutorial misconduct of such magnitude as to warrant reversal. We disagree. Not only did the prosecutor have a proper purpose for referring to the newspaper article, namely, impeachment of an alibi witness, but prejudice, if any, created by the

prosecutor's reading of the headline was cured by the trial court's instruction. Furthermore, the identification evidence here is formidable. Defendant's victim accurately described him to a police officer immediately after the attack, later positively identified him in a lineup and again in open court. Additionally, the testimony of a police officer placed defendant near the scene at the time the rape occurred. That the jury chose to credit this and not the testimony of defendant's mother is not surprising. Judgment affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.